# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| KATHLEEN ELIZABETH HAINES,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Deputy Commissioner for Operations, performing duties and functions not reserved to the Commissioner of Social Security,<br><br>Defendant. | No. ED CV 17-1810-DFM<br><br>MEMORANDUM OPINION AND ORDER |

Plaintiff Kathleen Elizabeth Haines appeals from the Social Security Commissioner's final decision denying her application for Supplemental Security Income ("SSI"). The Commissioner's decision is affirmed and this case is dismissed with prejudice.

## I. BACKGROUND

Plaintiff filed an application for SSI on December 7, 2012 alleging disability beginning on November 13, 2005. See Dkt. 16, Administrative Record ("AR") 272-74. After being denied initially and upon reconsideration, Plaintiff timely requested and received hearings before an Administrative Law Judge ("ALJ") on September 1, 2015 and May 9, 2016. See AR 75-112, 121,

175-94. At the May 9 hearing, the ALJ heard testimony from Plaintiff, an impartial medical expert, and an impartial vocational expert ("VE"). See AR 31-59.

On May 25, 2016, the ALJ issued an unfavorable decision finding Plaintiff not disabled. See AR 10-30. The ALJ determined that Plaintiff had the severe impairments of degenerative disc disease of the spine, high blood pressure, carpal tunnel syndrome, and obesity. See AR 15. The ALJ also found that Plaintiff retained the residual functional capacity ("RFC") to perform light work with the following limitations:

> [L]ift and carry 20 pounds occasionally and 10 pounds frequently; push and pull within those weight limits, occasionally as to the upper extremities, and no foot pedals as to the lower extremities; sit 6 hours out of an 8-hour workday with the ability to stand and stretch for 30 to 60 seconds at the end of each hour; stand and walk 4 hours out of an 8-hour workday with the use of a cane for any prolonged walking greater than 15 minutes at a time and no prolonged walking greater than 30 minutes at a time; no ladders, ropes and scaffolds; no crawling; all other postural are occasional; frequent handling, fingering, and feeling with the bilateral upper extremities; no hazardous work environments such as working at unprotected heights, operating fast or dangerous machinery, or driving commercial vehicles; avoid concentrated exposure to vibration; and noncomplex, routine tasks because of chronic pain.

AR 17-18. Based on Plaintiff's age, education, work experience, and RFC, the ALJ determined that there were jobs in the national economy that Plaintiff could perform. See AR 22-23. Accordingly, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act. See AR 23.

The Appeals Council denied review of the ALJ's decision, which became the final decision of the Commissioner. See AR 1-6. This action followed. See Dkt. 1.

## II. DISCUSSION

Plaintiff argues that the ALJ erred in finding that she could perform several occupations based on testimony from the VE, which, according to Plaintiff, conflicted with the Dictionary of Occupational Titles ("DOT"). See Dkt. 19, Joint Statement ("JS") at 4.

### A. Background

At step five, the Commissioner has the burden to show that a claimant, in light of his or her RFC, can engage in other substantial gainful work that exists in the national economy. See Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001) (citing 20 C.F.R. § 404.1520(f)). Where the testimony of a VE is used, the VE "must identify a specific job or jobs in the national economy having requirements that the claimant's physical and mental abilities and vocational qualifications would satisfy." Id. at 1162-63 (citing 20 C.F.R. § 404.1566(b)).

Here, the ALJ asked the VE whether any work existed for a hypothetical individual that was limited to a range of light work, including standing and walking restricted to 4 hours in an 8-hour workday, among other limitations. See AR 50-51. The VE testified that he was reluctant to identify "regular light types of jobs" due to the stated standing/walking restrictions and because the jobs "could be six out of eight and there's no way to really differentiate per the DOT." AR 51. Instead, he identified three jobs which, based on his experience, had a sit/stand option where the person would be able to sit or stand at will: pari-mutuel ticket seller, DOT 211.467-022; parking lot attendant, DOT 915.473-010; and toll collector, DOT 211.462-038. See AR 51-52. The VE cut the available parking lot attendant jobs in half because many

3

do not have an option to sit and stand all day. See AR 52. The ALJ adopted the VE's opinion into her written decision. See AR 22.

**B.     Application**

The parties agree that there was an apparent conflict between Plaintiff's RFC, which limited her to four hours of standing and walking, and the DOT's description of light work as requiring walking or standing to a "significant degree." DOT, App. C; see also Social Security Ruling ("SSR") 83-10, 1983 WL 31251 ("[T]he full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday.").[1] In light of the conflict, the ALJ was permitted to rely upon the VE's testimony only if there was "persuasive evidence to support the deviation." Massachi v. Astrue, 486 F.3d 1149, 1153 (9th Cir. 2007).

The Court finds that the VE properly resolved the conflict between the DOT and Plaintiff's limitations. In Ruiz v. Colvin, 638 F. App'x 604 (9th Cir. 2016), the Ninth Circuit determined that a deviation from the DOT was supported where the VE testified that his opinion was "based on his experience placing people in those jobs as a vocational rehabilitation counselor." Id. at 607. Similarly, in Buckner-Larkin v. Astrue, 450 F. App'x 626 (9th Cir. 2011), the Ninth Circuit concluded that a conflict between the DOT and the VE was

---

[1] Although not raised by the Commissioner, several courts have concluded that a limitation of four hours standing/walking is not necessarily inconsistent with SSR 83-10. See, e.g., Devore v. Comm'r of Soc. Sec., No. 14-663, 2015 WL 3756328, at *4 (E.D. Cal. June 16, 2015) (noting that "light work" includes jobs that involve "sitting most of the time but with some pushing and pulling of arm-hand or leg-foot controls") (quoting SSR 83-10); Roybal v. Colvin, No. 12-2198, 2013 WL 4768033, at *15 (C.D. Cal. Sept. 4, 2013) ("[T]he ALJ's RFC . . . limitation to 4 hours of standing or walking fits comfortably into the range of frequent activity for light jobs.") (citing SSR 83-10).

appropriately explained where the VE offered testimony based on his own labor market surveys, experience, and research. See id. at 628-29.

This case presents similar facts. As set out above, the VE testified that he was reluctant to identify typical light jobs due to the 4-hour standing/walking limitation. See AR 51. Instead, the VE listed jobs that he believed had an at-will sit/stand option based on his "experience with these jobs and talking with people and supervisors in these jobs." AR 51-52. Furthermore, the VE discounted the jobs available for one of those jobs due to the standing/walking limitation. See AR 52. The VE thus sufficiently addressed and explained the conflict between his testimony and the DOT. See Flores v. Colvin, 546 F. App'x 638, 641 (9th Cir. 2013) (affirming district court where the VE offered "reasonable explanations for using a differing description" than the DOT).

## III. CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is affirmed and this action is dismissed with prejudice.

Date: February 4, 2019

DOUGLAS F. McCORMICK
United States Magistrate Judge